[No. 2239. Decided May 26, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. C. A. HUTCHINSON, *Appellant*.

CRIMINAL LAW — CONTINUANCE FOR ABSENT WITNESSES — DILIGENCE — ADMISSIONS BY THE STATE.

Code Proc., § 338, providing for the avoidance of an application for a continuance on the ground of absent witnesses by an offer by the adverse party to admit that the absent witness would testify as set out in the application, is not unconstitutional as to witnesses without the state whose attendance the court cannot compel, for as to such witnesses the appellant would only have the right to take their depositions, and such an admission would be of as much benefit as a deposition.

An application for a continuance on the ground of absent witnesses is properly denied where the applicant makes no sufficient showing of diligence to procure their attendance.

Appeal from Superior Court, Pierce County.— Hon. EMMETT N. PARKER, Judge.   Affirmed.

*L. C. Dennis*, for appellant.

*B. W. Coiner*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

SCOTT, J.—The defendant was convicted of burglary and has appealed, alleging as error the failure of the court to grant him a continuance of ten days, which he asked for the alleged purpose of obtaining the attendance of two witnesses to testify in his behalf, and also for the purpose of allowing his attorney sufficient time to prepare for his defense.

The affidavits submitted upon the motion for a continuance failed to show any probability of the defendant's being able to procure the attendance of said witnesses if a continuance was granted.   Their whereabouts were unknown to him.   With reference to one of them the defendant stated that he had been informed and believed that he was absent from the city of Tacoma, the place of trial, but he believed he was within this state and that the other witness had left this state for British Columbia.   He also stated matters which he expected to prove by said witnesses. The prosecuting attorney offered to admit, under § 338, Code Proc., that such testimony would be given, but defendant attacks this statute as unconstitutional. However it may be held as to witnesses within the state, it certainly could not be unconstitutional as to witnesses without the state whose attendance the court could not compel, for as to these the defendant would

only have the right to take their depositions, and an admission by the state that they would testify to the facts sought to be proven by them would be of as much benefit to the defendant as though the same appeared in a deposition.

Aside from the extreme improbability of the matters shown by the defendant, we think there was no sufficient showing of diligence made. It appears that the defendant had already had more than ten days since his arrest for the offense charged, and had made little or no attempt to ascertain where said witnesses were, or to secure their attendance. The court was justified in refusing a continuance upon this ground for this reason alone.

The other ground, as to affording his attorney additional time, is not urged here.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.